IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA MUNOZ,<br><br>        Plaintiff,<br><br>  v.<br><br>OCWEN LOAN SERVICING, et al.,<br><br>        Defendants.<br>                                       / | No. C 13-01090 SI<br><br>**ORDER REFERRING CASE FOR TELEPHONIC ADR ASSESSMENT** |

Pursuant to Civil Local Rule 16-8 and ADR Local Rule 2-3, the Court refers this foreclosure-related action to the Alternative Dispute Resolution (ADR) Unit for a telephone conference to assess this case's suitability for mediation or a settlement conference. Plaintiff and Defendant's counsel shall participate in a telephone conference, to be scheduled by the ADR Unit as soon as possible but no later than **April 31, 2013**.

Plaintiff and Defendant's counsel shall be prepared to discuss the following subjects:

    (1)    Identification and description of claims and alleged defects in loan documents.

    (2)    Prospects for loan modification.

    (3)    Prospects for settlement.

The parties need not submit written materials to the ADR Unit for the telephone conference.

In preparation for the telephone conference, Plaintiff shall do the following:

    (1)    Review relevant loan documents and investigate the claims to determine whether they have merit.

(2) If Plaintiff is seeking a loan modification to resolve all or some of the claims, Plaintiff shall prepare a current, accurate financial statement and gather all of the information and documents customarily needed to support a loan modification request. Further, Plaintiff shall immediately notify Defendant's counsel of the request for a loan modification.

(3) Provide counsel for Defendants with information necessary to evaluate the prospects for loan modification, in the form of a financial statement, worksheet or application customarily used by financial institutions.

In preparation for the telephone conference, counsel for Defendants shall do the following.

(1) If Defendants are unable or unwilling to do a loan modification after receiving notice of Plaintiff's request, counsel for Defendants shall promptly notify Plaintiff to that effect.

(2) Arrange for a representative of Defendant with full settlement authority to participate in the telephone conference.

The ADR Unit will notify the parties of the date and time the telephone conference will be held. After the telephone conference, the ADR Unit will advise the Court of its recommendation for further ADR proceedings.

The May 3, 2013 hearing date on Defendant's Motion to Dismiss is VACATED. No opposition or other pleadings need to be filed at this time. If the ADR Unit advises the Court that no further ADR proceedings are expected, the Court will reset Defendant's motion for hearing and set a briefing schedule.

**IT IS SO ORDERED.**

Dated: March 20, 2013

　　　　　　　　　　　　　　　　　　　　　　　
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE